IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MOISES ESCOBEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:07-CV-309 |
| | ) | |
| FREDRICK RAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the court **GRANTS** the plaintiff leave to proceed against the defendants on his Fourth Amendment claim, **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure, **ORDERS** the Clerk to forward this complaint to the United States Marshals Service for service of process along with a copy of this order, and **ORDERS** the marshals service to effect service of process on the defendants.

BACKGROUND

Pro se Plaintiff, Scott Escobedo, a prisoner confined at the Allen County Jail, submitted a complaint under 42 U.S.C. section 1983, alleging that Fort Wayne Police Officers Fredrick Ray, Jason Brown, and Joshua Hartup violated rights protected by the Constitution's Fourth Amendment when they entered his residence on August 19, 2006.

DISCUSSION

Pursuant to section 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendant in this case is a governmental officer.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

2

> grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Escobedo asserts that on August 19, 2006, the defendant police officers entered his home without a warrant and without probable cause, in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures.

Escobedo brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of

3

federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

A complaint asserting a search or arrest based on no probable cause implicates the Fourth Amendment. *See Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996). The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Escobedo the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his Fourth Amendment search and seizure claim that would entitle him to relief.

CONCLUSION

For the foregoing reasons, the Court:

4

(1) **GRANTS** the plaintiff leave to proceed against the defendants on his Fourth Amendment claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **ORDERS** the marshals service to effect service of process on the defendants, and **ORDERS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and complaint.

**DATED: May 28, 2008**          /s/ Rudy Lozano
                                 **RUDY LOZANO, Judge**
                                 **United States District Court**

5